**\*NOT FOR PUBLICATION**                         **ECF NO. 35**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| KEVIN JACKSON, | : CIV. NO. 22-1630 (RMB/AMD) |
| Plaintiff, | : **OPINION** |
| v. | : |
| PHILIP D. MURPHY, et al., | : |
| Defendants | : |

**APPEARANCES:**

Kevin Jackson
207013/291833B
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327
     Plaintiff, *Pro Se*

Michael Ezra Vomacka, Deputy Attorney General
Office of the New Jersey Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 2nd Floor
P.O. Box 112
Trenton, NJ 08625
     On behalf of Defendants John Powell, Jonathan Gramp, and Marcus O. Hicks

**RENÉE MARIE BUMB**, Chief United States District Judge

     This matter comes before the Court upon Defendants John Powell, Jonathan Gramp and Marcus O. Hicks' (collectively "Defendants") motion to dismiss the complaint (Mot. to Dismiss, Docket No. 35, and Defs' Brief in Supp. of Mot. to

Dismiss, Docket No. 35-1), Plaintiff's response in opposition to Defendants' motion to dismiss ("Pl's Opp. Brief" Dkt. Nos. 37-1, 38); Defendants' reply brief (Defs' Reply Brief, Docket No. 39), and Plaintiff's sur-reply ("Pl's Sur-reply" Dkt. No. 40.) The Court will decide the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will grant Defendants' motion to dismiss.

I.  PROCEDURAL HISTORY

This case arises out of the alleged destruction of Plaintiff Kevin Jackson's ("Plaintiff") newly purchased legal reference book in South Woods State Prison, and Plaintiffs' allegations that other mailroom supervisors illegally confiscated or destroyed legal reference materials purchased by prisoners in the New Jersey Department of Corrections. (Compl., Dkt. No. 1.) Plaintiff and three other inmates filed this putative class action against prison mailroom supervisors and administrators of the prisons and New Jersey Department of Corrections ("NJDOC"). (Compl., Dkt. No. 1.) This Court administratively terminated from this action Plaintiffs Anthony Casale, Dano Tokley and Ariel Fernandez for failing to pay the filing fee or submit an IFP application under 28 U.S.C. § 1915(a). These plaintiffs were given an opportunity to cure the filing fee defect but failed to do so. (Order, Dkt. No. 3.) Therefore, Plaintiff Kevin Jackson is the sole remaining plaintiff.

By order dated March 24, 2022, this Court granted Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a). (Order, Dkt.

No. 3.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court *sua sponte* screened the complaint for dismissal[1] for frivolity, failure to state a claim, or immunity of the defendants. (Order, Dkt. No. 3.) The Court dismissed the claims against Governor Philip D. Murphy and otherwise permitted the complaint to proceed beyond screening for *sua sponte* dismissal. (*Id.*) Plaintiff filed a request for a temporary restraining order ("TRO") with his complaint, but he failed to establish that a hearing on the TRO should proceed without notice to the defendants. ((Mot. for TRO, Dkt. No. 2.; Order, Dkt. No. 3.) The Court reserved judgment on the TRO motion until Defendants were notified and provided an opportunity to respond. (*Id.*)

After preliminary attempts at service of the summons, complaint, and motion for TRO upon Defendants failed, over the course of June through September 2022, summonses were returned as executed on Defendants John Powell, Marcus O. Hicks, Sergeant Cisrow, and Jonathan Gramps. (Returned Summonses, Dkt. Nos. 14, 27, 28.)[2] On November 23, 2022, in lieu of an answer, Defendants[3] filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Dkt. No. 35.) Plaintiff filed a response in opposition to Defendants' motion to

---

[1] The complaint was screened before it was known whether all plaintiffs would remain in the action by paying the filing fee or submitting an IFP application.

[2] Summonses have not been returned as executed against Defendants Victoria L. Kuhn or Keisha Fisher. Further, Plaintiff has not identified the John Doe Defendants, including "Sgt. Mailroom Supervisor, New Jersey State Prison." This Court makes no determination as to the merit of Plaintiff's claims against the unserved Defendants.

[3] Defendant Sergeant Cisrow did not join in the motion to dismiss.

dismiss. (Pl's Opp. Brief, Dkt. Nos. 37-1 and 38.) Defendants filed a reply brief. (Def's Reply Brief, Dkt. No. 39.) Finally, Plaintiff filed a sur-reply brief. (Pl's Sur-reply, Dkt. No. 40.) The propriety of a class action is not at issue in Defendants' motion to dismiss.

## II.   THE COMPLAINT

In their motion to dismiss, Defendants challenge Plaintiff's First Amendment retaliation, First Amendment access to courts and First Amendment freedom of speech claims raised in the First, Third and Fourth Claims/Counts of his complaint. Thus, the Court limits its review to those claims. Plaintiff alleges the following facts in support of his claims brought under 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Sergeant Cisrow, a mailroom supervisor at South Woods State Prison, confiscated "law books and legally authorized reference books/documents … contrary to central office, dept. of corr. banned books list for 2019, and 2020, 2021." (Compl. ¶¶ 10-12, Dkt. No. 1.) Specifically, Sergeant Cisrow destroyed a copy of the N.J. Lawyer's Diary Manual 2021 that Plaintiff purchased by mail, while Plaintiff's appeal of Sergeant Cisrow's confiscation of the book was pending before the administrator of South Woods State Prison, John Powell. (*Id.* ¶¶ 10-13, Dkt. No. 1.) This book was not on the NJDOC banned book list, and Plaintiff was not required to obtain advance permission to purchase the book. (*Id.*)

For his first claim for relief, Plaintiff alleges Defendants confiscated and destroyed law books, legal reference books and documents in retaliation for Plaintiffs filing lawsuits against the New Jersey Department of Corrections ("NJDOC"). ("First

Claim" Dkt. No. 1 at 8.) Plaintiff further alleges that Defendants' confiscation of law books, legal reference books and legal documents were a deliberate attempt to disrupt Plaintiff's preparation of legal documents, in violation of his First Amendment right of access to courts. ("Third Claim" Dkt. No. 1 at 12-13.) With respect to his freedom of speech claim, Plaintiff alleged neither the New Jersey Administrative Code nor the South Woods State Prison nor New Jersey State Prison Rule Books notified Plaintiff[s] of any restriction on possession of law books or other legal reference books they were permitted to purchase. (Compl. ¶¶ 22, 31, 32.) It is Plaintiff's contention that he (and the alleged Class Plaintiffs) have a constitutional right to possess law books, legal reference books, and legal reference documents, which was violated by an arbitrary and capricious, unidentified mailroom policy. (Compl., ¶¶ 24-26.) For relief, Plaintiff seeks costs, fees, and damages (Compl., Dkt. No. 1 at 19-20), and a TRO preventing Defendants from seizing Plaintiff's legal papers, documentary evidence, and legal reference books "where no institutional policy exists specifically limiting the amount of legal materials a prisoner is allowed to retain or possess." (Mot. for TRO, Dkt. No. 2 at 2.)

## III.   DISCUSSION

### A.   Motion to Dismiss Rule 12(b)(6)

District courts addressing a Rule 12(b)(6) motion to dismiss for failure to state a claim, "must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Bruni v. City of Pittsburgh*, 824

5

F.3d 353, 360 (3d Cir. 2016) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). In determining whether a plaintiff has failed to state a claim, district courts should disregard allegations that are no more than legal conclusions. *Id.* In performing this analysis, district courts may consider exhibits attached to the complaint, documents upon which the claims are based, and matters of public record, but may not otherwise go beyond the facts alleged in the complaint. *Id.* (citations omitted). Additionally, courts typically will not consider new factual allegations that a plaintiff provides in opposition to a motion to dismiss. *Buchanan v. Ingram Content Grp.*, No. 20-CV-2421, 2022 WL 2063607, at *3 (D.N.J. June 8, 2022) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)). The Court will disregard any facts raised by Defendants or Plaintiff in support of or opposition to the motion to dismiss that are not alleged in the complaint.

B.   **The Parties' Arguments**

Defendants, sued in their roles as supervisors, challenge Plaintiff's claims of First Amendment retaliation, First Amendment access to courts, and First Amendment freedom of speech. First, Defendants argue that Plaintiff's complaint is devoid of any facts suggesting that they personally engaged in any retaliatory action against Plaintiff. Specifically, the complaint does not allege that Defendants were personally involved in destroying Plaintiff's book, nor are Defendants alleged to have personally retaliated against Plaintiff for filing any lawsuit. Furthermore, Plaintiff has not alleged that Defendants created a policy or practice that resulted in Sergeant

Cisrow destroying Plaintiff's book in retaliation for Plaintiff filing lawsuits. To the contrary, Plaintiff alleges that Sergeant Cisrow destroyed his book in violation of a policy that allowed him to possess books that were not on the prison's banned books list.

Second, Defendants contend that Plaintiff failed to allege that he suffered an actual injury. Therefore, he fails to state a First Amendment right of access to the courts claim. Third, Defendants argue Plaintiff failed to allege they were personally involved in a de facto ban on his possession of a law book. Therefore, he fails to state a First Amendment free speech claim.

In opposition to Defendants' motion to dismiss, Plaintiff asserts there is no legitimate security reason to restrict inmates from possessing books that are not on the NJDOC banned books list. (Pl's Opp. Brief, Dkt. No. 37-1 at 15.) Plaintiff argues that Defendant John Powell is liable for Sergeant Cisrow's confiscation and destruction of his New Jersey Lawyer's Diary and Manual because Powell was aware of Cisrow's alleged constitutional violations from Plaintiff's grievance letter. (*Id.* at 8-9.) Plaintiff also contends that Defendants are responsible for all policies enacted in the NJDOC. (*Id.* at 12.)

Defendants submitted a reply brief. (Reply Brief, Dkt. No. 39.) With respect to Plaintiff's First Amendment Retaliation Claim, Defendants argue that Plaintiff failed to plead facts suggesting they took any personal action against Plaintiff in retaliation for filing any lawsuit against the NJDOC. (*Id.* at 2.) Plaintiff submitted a sur-reply, asserting that retaliation against him for filing lawsuits is a common practice

7

by the NJDOC. (Sur-reply Brief, Dkt. No. 40.) Examples Plaintiff provides of past retaliation are not specific to Defendants and are not alleged in the complaint.

### C. Supervisory Liability under 42 U.S.C. § 1983

As a threshold matter, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff "must establish that [he] was deprived of a federal constitutional or statutory right by a state actor." *Stephens v. Kenney*, 802 F. App'x 715, 719 (3d Cir. 2020) (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)). Under § 1983, supervisors "are liable only for their own unconstitutional actions." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 319 (3d Cir. 2014), *cert. granted, judgment rev'd sub nom. on other grounds*, *Taylor v. Barkes*, 575 U.S. 822 (2015)); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Barkes*, 766 F.3d at 319. Supervisors may be liable if, with the requisite level of intent for the constitutional violation alleged, they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Id.* at 316 (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Supervisors may also be liable "if [they] participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct." *Id.* (citations

omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted).

### 1. Policymaker and failure to supervise liability under § 1983 claim

Plaintiff alleges Defendants, as administrators of South Woods State Prison (Powell), New Jersey State Prison (Gramp) and the former Commissioner of the New Jersey Department of Corrections (Hicks), are responsible for all policies within the New Jersey State Prisons. (Compl. ¶¶ 5, 7, 9, Dkt No. 1.) "[T]o establish a claim against a policymaker under § 1983 a plaintiff must allege and prove that the official established or enforced policies and practices directly causing the constitutional violation." *Id.* at 1114. *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) (citations omitted). Plaintiff alleges that Sergeant Cisrow, and other unidentified mailroom supervisors, confiscated and destroyed law books that were not on the NJDOC's banned books list, and there were no prison rules that prohibited Plaintiff from purchasing and possessing law books and other legal materials, including the New Jersey Lawyer's Diary and Manual. Thus, Plaintiff's allegations rely, not on Defendants' policies that prevented him from purchasing and possessing law books, but on their vicarious liability for confiscation and destruction of such books by mailroom supervisors. This is confirmed by Plaintiff's allegation that Defendants "failed to make reasonable modification and/or provide a stern warning to the mailroom Sgts. in South Woods State Prison and New Jersey State Prison…." (Compl. ¶ 29, Dkt. No. 1.) Plaintiff also alleged "Defendants have failed to change

9

the S.W.S.P. and N.J.S.P. Rule Book … that also would have notified class plaintiffs of the alleged changes, via. the SWSP Rule Book, [and] NJSP Rule Book." (Compl., ¶ 32, Dkt. No. 1.)  This allegation suggests the existence of, but does not identify a rule that precluded Plaintiff from possessing legal materials in general, or specifically, the New Jersey Lawyer's Diary and Manual 2021 that was allegedly confiscated by Sergeant Cisrow.

> To hold a supervisor liable for an employee's conduct under § 1983,
>> the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure. *Brown* [*v. Muhlenberg Tp.*], 269 F.3d at 216 [3d Cir. 2001] (discussing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.1989)).

*Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 330 (3d Cir. 2014), *cert. granted, judgment rev'd sub nom. on other grounds by Taylor v. Barkes*, 575 U.S. 822, 135 S. Ct. 2042, 192 L. Ed. 2d 78 (2015).  Even if Defendants had given Sergeant Cisrow a "stern warning" after being advised that she arbitrarily or capriciously confiscated a book that Plaintiff was permitted to possess, this could not possibly have prevented Sergeant Cisrow from confiscating the book in the first instance.  Furthermore, Plaintiff's blanket allegation that Defendants failed to make "a reasonable modification"  or change the prisons' rule books does not establish what modification or change to the prison rule books would have prevented Sergeant Cisrow or any other mailroom supervisor from

allegedly retaliating against Plaintiff,[4] violating his right of access to the courts,[5] or denying his right to freedom of speech by confiscating law books or other legal materials purchased by mail.[6] Therefore, the Court will grant Defendants' motion to dismiss Plaintiff's First Amendment claims that are premised on their liability as policymakers and failure to supervise.

### 2. Supervisory liability premised on a supervisor's knowledge and acquiescence in a subordinate's constitutional violation

---

[4] "A plaintiff claiming retaliation must allege '(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising h[er] constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action.'" *Starnes v. Butler Cnty. Ct. of Common Pleas*, 50th Jud. Dist., 971 F.3d 416, 429 (3d Cir. 2020) (quoting *Mirabella v. Villard*, 853 F.3d 641, 649 (3d Cir. 2017) (citation omitted)). "A causal link may be established by showing 'unusually suggestive temporal proximity'" between the protected activity and the alleged retaliation. *Id.* at 430 (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). Plaintiff has not alleged an unusually suggestive temporal proximity between his filing of a lawsuit and Sergeant Cisrow's, or any other mailroom supervisor's, confiscation and destruction of his legal materials.

[5] "[A] prisoner has a valid access-to-courts claim when he alleges that the denial of access to legal materials—before and/or during trial—caused a potentially meritorious claim to fail." *Rivera v. Monko*, 37 F.4th 909, 922 (3d Cir. 2022). Plaintiff has not alleged any nonfrivolous legal claim that he was unable to pursue without any of his legal materials that were allegedly confiscated and/or destroyed.

[6] Imprisonment does not automatically deprive a prisoner of his First Amendment right to freedom of speech, including the right of access to written publications, but it does permit greater restrictions on such rights. *Beard v. Banks*, 548 U.S. 521, 528 (2006) (citing *Turner v. Safley*, 482 U.S. 78 (1987), and *Overton v. Bazzetta*, 539 U.S. 126 (2003)). Therefore, "restrictive prison regulations are permissible if they are 'reasonably related' to legitimate penological interests … and are not an 'exaggerated response' to such objectives." *Beard*, 548 U.S. at 528 (quoting *Turner*, 482 U.S. at 87). Plaintiff has not identified a prison regulation that Sergeant Cisrow or any other prison mailroom supervisor was enforcing when they confiscated and destroyed Plaintiff's law book or legal reference materials. Instead, Plaintiff alleges confiscation of such materials by mailroom supervisors was arbitrary and capricious.

Plaintiff alleges Administrator John Powell is liable for Sergeant Cisrow's confiscation of Plaintiff's book because Plaintiff sent a written grievance about Cisrow's conduct to the administrator of South Woods State Prison, which was presumably received by Powell. Plaintiff also alleged in his complaint that Defendant Hicks and Administrator Gramp have personal knowledge of the "illegal confiscation of Class-plaintiffs['] law books and legal reference books and documents" through "written pleas" by Class Plaintiffs. (Compl. ¶ 5, 9, Dkt. No. 1.)

Neither the filing of a grievance, nor participation in after-the fact review of a grievance is sufficient to establish a supervisor's personal involvement in alleged constitutional misconduct by an employee. *Petlock v. Nadrowski*, No. CV 16-310 (FLW), 2023 WL 143341, at *9 (D.N.J. Jan. 10, 2023) (collecting cases). Therefore, Plaintiff's supervisory liability claims against Defendants based on their knowledge and acquiescence in the alleged unconstitutional conduct of their subordinates will be dismissed. *See e.g.*, *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (finding the complaint did not contain an allegation that the supervisory defendant had contemporaneous, personal knowledge of the alleged constitutional violation and acquiesced in it).

### IV. CONCLUSION

In summary, the Court will grant Defendants' motion to dismiss. Dismissal of Plaintiff's claims against Defendant Jonathan Gramp, administrator of New Jersey State Prison, is with prejudice. Amendment of the claims against Gramp are futile because he is not an alleged supervisor or a policymaker at South Woods State Prison,

where Plaintiff was incarcerated when his legal book(s) was confiscated. Dismissal is without prejudice as to Defendants John Powell and Marcus Hicks, whom Plaintiff alleges were supervisors of South Woods State Prison during the relevant time period. Plaintiff's TRO motion, as to these supervisory defendants, is moot.

An appropriate Order follows.

Date: **June 21, 2023**

                                         s/Renée Marie Bumb
                                         **RENÉE MARIE BUMB**
                                         **Chief United States District Judge**