F.\*NOT FOR PUBLICATION                                                                 ECF NO. 35

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| KEVIN JACKSON, | : | CIV. NO. 22-1630 (RMB/AMD) |
| Plaintiff, | : | **OPINION** |
| v. | : | |
| PHILIP D. MURPHY, et al., | : | |
| Defendants | : | |

**APPEARANCES:**

Kevin Jackson
207013/291833B
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327
    Plaintiff, *Pro Se*

Michael Ezra Vomacka, Deputy Attorney General
Office of the New Jersey Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 2nd Floor
P.O. Box 112
Trenton, NJ 08625
    On behalf of Defendants Victoria Kuhn, Keisha Fisher and Jay Cisrow

**RENÉE MARIE BUMB**, Chief United States District Judge

This matter comes before the Court upon the motion to dismiss Plaintiff's complaint by Defendants Victoria Kuhn, Keisha Fisher and Jay Cisrow (collectively "Defendants") (Mot. to Dismiss, Dkt. No. 53, and Defs' Brief in Supp. of Mot. to

Dismiss, Dkt. No. 53-1), Plaintiff's response in opposition to Defendants' motion to dismiss ("Pl's Opp. Brief" Dkt. No. 54); and Defendants' reply brief (Defs' Reply Brief, Docket No. 56).  The Court will decide the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons discussed below, the Court will grant in part and deny in part the motion to dismiss.

I.       PROCEDURAL HISTORY

This case arises out of the alleged destruction of Plaintiff Kevin Jackson's ("Plaintiff") newly purchased legal reference book by Sergeant Cisrow, a mailroom supervisor in South Woods State Prison ("SWSP") and allegations that other mailroom supervisors illegally confiscated or destroyed legal reference materials purchased by prisoners within the New Jersey Department of Corrections ("NJDOC"). (Compl., Dkt. No. 1.)  Plaintiff and three other inmates filed this putative class action against prison mailroom supervisors and administrators of the prisons and New Jersey Department of Corrections.  (*Id.*)  This Court administratively terminated from this action Plaintiffs Anthony Casale, Dano Tokley and Ariel Fernandez for failing to pay the filing fee or submit an IFP application under 28 U.S.C. § 1915(a).  These plaintiffs were given an opportunity to cure the filing fee defect but failed to do so.  (Order, Dkt. No. 3.)  Therefore, Plaintiff Kevin Jackson is the sole remaining plaintiff.

By order dated March 24, 2022, this Court granted Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915(a). (Order, Dkt. No. 3.)  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court *sua sponte* screened the

complaint for dismissal[1] based on frivolity, failure to state a claim, or immunity of the defendants. (Order, Dkt. No. 3.) The Court dismissed the claims against Governor Philip D. Murphy and otherwise permitted the complaint to proceed beyond screening for *sua sponte* dismissal. (*Id.*) Plaintiff filed a motion for a temporary restraining order ("TRO") with his complaint, but he failed to establish that a hearing on the TRO should proceed without notice to the defendants. (Mot. for TRO, Dkt. No. 2.; Order, Dkt. No. 3.) The Court reserved judgment on the TRO motion until Defendants were notified and provided an opportunity to respond. (*Id.*)

On June 21, 2023, this Court granted Defendant Jonathan Gramp's motion to dismiss with prejudice Plaintiff's claims of First Amendment Retaliation, First Amendment Access to Courts, and First Amendment Freedom of Speech under 42 U.S.C. § 1983; this Court also dismissed without prejudice Plaintiff's § 1983 claims against Defendants John Powell and Marcus O. Hicks. (Opinion and Order, Dkt. Nos. 42, 43). This matter is now before the Court on the first motion to dismiss the complaint in its entirety with prejudice by Sergeant Jay Cisrow, Administrator Fisher, and Commissioner Kuhn. (Mot. to Dismiss, Dkt. No. 53.)

## II. THE COMPLAINT

The complaint contains the following factual allegations against Sergeant Cisrow, Administrator Fisher and Commissioner Kuhn in support of Plaintiff's First Amendment Retaliation, First Amendment Access to Courts, and First Amendment

---

[1] The complaint was screened before it was known whether all plaintiffs would remain in the action by paying the filing fee or submitting an IFP application.

Freedom of Speech claims under 42 U.S.C. § 1983 and the parallel provisions of the New Jersey Constitution.[2] Acting NJDOC Commissioner Kuhn (recently appointed by the Governor as the NJDOC Commissioner) "was responsible for all matters of policy enacted within the NJDOC…." (Compl. ¶ 6, Dkt. No. 1.) She has "personal knowledge of various aspects of the unlawful conditions through written pleas . . . from Class-plaintiffs but [has] permitted the unlawful conditions to persist in the illegal confiscation of Class-plaintiffs' law books and legal reference books and documents." (*Id.*)

Keisha Fisher was recently appointed Administrator of SWSP, and she "was in charge" when Sergeant Cisrow engaged in the "common practice" of confiscating books that were not on the NJDOC banned book list. (Compl. ¶ 8, Dkt. No. 1.) Administrator Fisher was responsible for overseeing SWSP's policies relating to the possession of law books and legal reference materials by prisoners. (*Id.*) Plaintiff alleges "Defendants failed to make reasonable modification and/or provide a stern warning to the mailroom [sergeants] in South Woods State Prison… ." (*Id.*, ¶ 29.) Defendants further failed to change the New Jersey regulations regarding prison

---

[2] "New Jersey courts 'have consistently looked to federal § 1983 jurisprudence for guidance' [on NJCRA claims] and have 'repeatedly interpreted [the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 *et seq.*] analogously to § 1983.'" *Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 298 (D.N.J. 2012) (quoting *Gonzalez v. Auto Mall 46, Inc.*, 2012 WL 2505733, at *4 (N.J. Super. Ct. App. Div. July 2, 2012) (citing *Rezem Family Assocs., LP v. Borough of Millstone*, 423 N.J. Super. 103, 30 A.3d 1061 (2011), *cert. denied*, 208 N.J. 366, 29 A.3d 739 (2011) (additional citations omitted, alteration added)). Therefore, the Court addresses these claims together.

management or the SWSP rule book relating to the confiscation and destruction of legal reference books. (*Id.*, ¶¶ 31, 32.)

Sergeant Cisrow, SWSP mailroom supervisor, confiscated law books that prisoners were permitted to purchase because they were not on the NJDOC banned books list of 2019, 2020 or 2021. (Compl. ¶¶ 10, 12, Dkt. No. 1.) Sergeant Cisrow destroyed Plaintiff's legal reference book, the New Jersey Lawyer's Diary Manual 2021, while his administrative appeal of her confiscation of the book was pending. (Compl. ¶¶ 10, 17, 31.) The complaint suggests that Sergeant Cisrow created a mailroom policy, which does not appear in the inmate handbook or prison regulations, which allowed her to confiscate and perhaps even destroy the legal reference book Plaintiff had purchased by mail. (Compl., ¶ 13, 25, 26.) The complaint does not clearly allege what policy or policies Sergeant Cisrow created, but it suggests she may have required inmates to obtain her advance permission to "purchase a law book from a source of sale.") (*Id.* ¶ 13.)

Plaintiff alleges:

> Defendants have failed to change the N.J.A.C. 10A: where it will be lodged of the legal changes via Notice of the questionable law books, legal reference documents, legal reference books, that's allegedly illegal[] to have but the contrary and defendants confiscated and destroyed them despite the appeal process.
>
> Defendants have failed to change the S.W.S.P. and N.J.S.P. Rule Book, as well, that also would have notified class-plaintiffs of the alleged changes, via. the S.W.S.P. Rule Book.

(Compl. ¶¶ 31, 32, Dkt. No. 1.)

5

For relief, Plaintiff seeks costs, fees, and damages (Compl., Dkt. No. 1 at 19-20), and injunctive relief preventing Defendants from seizing Plaintiff's legal papers, documentary evidence, and legal reference books "where no institutional policy exists specifically limiting the amount of legal materials a prisoner is allowed to retain or possess." (Mot. for TRO, Dkt. No. 2 at 2.)

The Class-plaintiffs, of whom only Kevin Jackson remains in this action, submitted the following certification in support of his motion for a TRO:

> Class Plaintiff herein, submit[s] that there's years of incarceration involved and vary between [all plaintiffs] but they have all persistently pursued relief in the courts regarding their criminal case, and also have varying civil litigation ongoing between them and thereby accumulating a significant amount of legal materials and reference materials required to advance their pursuit of justice via. the **U.S. Const.** and **N.J. Const.** Specifically, that the defendants refus[ed] to allow class-plaintiffs various non-banned legal reference materials only behind a/or some unwritten custody knowingly, intelligently, and deliberate indifference own rules and own [remainder of sentence omitted in certification].

(Certification of Class Plaintiffs, Dkt. No. 1-3 at 2) (emphasis in original, alterations added).

### III.  DISCUSSION

#### A.  Motion to Dismiss Rule 12(b)(6)

District courts addressing a Rule 12(b)(6) motion to dismiss for failure to state a claim, "must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Bruni v. City of Pittsburgh*, 824

F.3d 353, 360 (3d Cir. 2016) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). In determining whether a plaintiff has failed to state a claim, courts must disregard allegations that are no more than legal conclusions. *Id.* In performing this analysis, courts may consider exhibits attached to the complaint, documents upon which the claims are based, and matters of public record, but may not otherwise go beyond the facts alleged in the complaint. *Id.* (citations omitted). Additionally, courts typically will not consider new factual allegations that a plaintiff provides in opposition to a motion to dismiss. *Buchanan v. Ingram Content Grp.*, No. 20-CV-2421, 2022 WL 2063607, at *3 (D.N.J. June 8, 2022) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

    **B.**    **The Parties' Arguments**

In support of their motion to dismiss the complaint, Defendants assert that: (1) Plaintiff has failed to allege non-conclusory facts sufficient to state a claim; (2) Plaintiff has failed to state a claim against Defendants Fisher and Kuhn because he does not plead facts supporting their personal involvement or supervisory liability; (3) Plaintiff fails to state a retaliation claim; (4) Plaintiff fails to state a right of access to courts claim; and (5) the Court should dismiss Plaintiff's freedom of speech claim because Plaintiff has not identified any regulation that Defendants were enforcing when allegedly confiscating/destroying Plaintiff's materials. Plaintiff opposes the motion to dismiss as premature and because the complaint contains sufficient factual allegations to state a claim for relief. (Pl's Opp. Brief, Dkt. No. 54.) In reply, Defendants submit

that: (1) Plaintiff failed to plead sufficient facts to support supervisory liability of Defendants Kuhn and Fisher; (2) Plaintiff failed to address the sufficiency of his First Amendment Retaliation claim; and (3) Plaintiff failed to plead a First Amendment Access to Courts claim. (Reply Brief, Dkt. No. 56.) The Court will first address the claims against Sergeant Cisrow, followed by the claims against her supervisors.

### C. First Amendment Retaliation Claim Against Defendant Cisrow

The elements of a First Amendment retaliation claim are that: (1) the plaintiff engaged in constitutionally protected conduct; (2) the plaintiff suffered an adverse action at the hands of the defendants; and (3) the plaintiff's constitutionally protected conduct was a substantial or motivating factor in the adverse action by the defendants. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001). "An adverse action is one 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Id.* at 422, n. 6 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000) (internal quotation marks omitted in *Watson*). The third element can be established by allegations "of (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Id.* at 424 (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Rauser*, 241 F.3d at 334.))

In support of his First Amendment Retaliation claim against Sergeant Cisrow, Plaintiff alleges the following facts. (Compl., Dkt. No. 1.) Sergeant Cisrow, a mailroom supervisor at SWSP, confiscated "law books and legally authorized

reference books/documents … contrary to central office, dept. of corr. banned books list for 2019, and 2020, 2021." (Compl. ¶¶ 10-12, Dkt. No. 1.) Specifically, Sergeant Cisrow destroyed a copy of the New Jersey Lawyer's Diary Manual 2021 that Plaintiff purchased by mail, while Plaintiff's appeal of Sergeant Cisrow's confiscation of the book was pending before the administrator of SWSP, John Powell. (*Id.* ¶¶ 10-13, Dkt. No. 1.) This book was not on the NJDOC banned book list, and Plaintiff was not required to obtain advance permission to purchase the book. (*Id.*)

The Court construes the complaint as alleging that Sergeant Cisrow destroyed Plaintiff's legal reference book in retaliation for his appeal to Administrator Powell after she confiscated his book. Filing a prison grievance is constitutionally protected conduct. *See, e.g.*, *Mack v. Warden Loretto, FCI*, 839 F.3d 286, 298 (3d Cir. 2016) (holding prisoner's grievance made for the purpose of seeking redress was constitutionally protected conduct). Destruction of legal materials is a sufficient adverse action for a retaliation claim. *Lawson v. Ferguson*, No. 22-2365, 2023 WL 2770820, at *1 (3d Cir. Apr. 4, 2023). Finally, the timing of the destruction of Plaintiff's book suggests a sufficient temporal connection between his protected conduct, filing the appeal, and the adverse action, destroying the book. Therefore, the Court denies Defendant Cisrow's motion to dismiss Plaintiff's First Amendment Retaliation claim. The Court, however, notes that "prison officials may still prevail [on a First Amendment Retaliation claim] if they establish that 'they would have made the same decision absent the protected conduct for reasons reasonably related to a

legitimate penological interest.'" *Watson*, 834 F.3d at 422 (quoting *Rauser*, 241 F.3d at 334).

### D. First Amendment Retaliation Claim against Fisher and Kuhn

Under § 1983, supervisors "are liable only for their own unconstitutional actions." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 319 (3d Cir. 2014), *cert. granted, judgment rev'd sub nom. on other grounds*, *Taylor v. Barkes*, 575 U.S. 822 (2015)); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged." *Barkes*, 766 F.3d at 319. "[T]o establish a claim against a policymaker under § 1983 a plaintiff must allege and prove that the official established or enforced policies and practices directly causing the constitutional violation." *Id.* at 1114. *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 223 (3d Cir. 2015) (citations omitted). Supervisors may also be liable "if [they] participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citations omitted).

Plaintiff seeks to hold Commissioner Kuhn and Administrator Fisher responsible for Sergeant Cisrow's alleged constitutional violations, including her

10

retaliation for his appeal. Plaintiff has not alleged any facts supporting Kuhn and Fisher's prior knowledge and acquiescence in Sergeant Cisrow's confiscation and destruction of his legal reference book. Although Plaintiff has alleged there is a custom among mailroom supervisors in the NJDOC of arbitrarily confiscating and destroying prisoners' legal reference books, he has not alleged how frequently such acts occurred or how Commissioner Kuhn and Administrator Fisher, both of whom he alleges were newly appointed to their positions, became aware that custom required their response to prevent constitutional violations from recurring. In sum, the complaint does not allege a plausible claim of supervisory liability for retaliatory destruction of property by mailroom supervisors. Therefore, Plaintiffs' First Amendment Retaliation claims against Commissioner Kuhn and Administrator Fisher will be dismissed without prejudice for failure to state a claim.

### E.     First Amendment Access to Courts Claim

"[A] prisoner has a valid access-to-courts claim when he alleges that the denial of access to legal materials—before and/or during trial—caused a potentially meritorious claim to fail." *Rivera v. Monko*, 37 F.4th 909, 922 (3d Cir. 2022). Plaintiff has not identified a potentially meritorious legal claim that he was unable to pursue without his personal copy of the New Jersey Lawyer's Diary Manual. Amendment of this claim, based solely on deprivation of his personal copy of this legal reference book, would be futile because alternative legal resources are available for NJDOC prisoners to pursue legal claims. Therefore, the First Amendment Access to Courts claims

against Sergeant Cisrow, Commissioner Kuhn, and Administrator Fisher will be dismissed with prejudice.

### F. First Amendment Freedom of Speech Claim

"If the First Amendment means anything, it means that a State has no business telling a man, sitting alone in his own house, what books he may read or what films he may watch." *Stanley v. Georgia*, 394 U.S. 557, 565 (1969). Plaintiff, however, is incarcerated. Therefore, he does not receive the same constitutional protections as he would outside of prison because courts defer to the expertise of prison authorities in the "inordinately difficulty undertaking" of managing a prison. *Turner v. Safely*, 482 U.S. 78, 85 (1987)). Therefore, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89.

Plaintiff alleges Sergeant Cisrow's arbitrary and capricious confiscation and destruction of his legal reference book denied his First Amendment right to freedom of speech. (*See, e.g.*, Compl. ¶ 18 (asserting right to possess personal copies of law books), Dkt. No. 1.) The book allegedly was not on the NJDOC's banned book list, and it was allegedly not confiscated and destroyed based on a limitation to the amount of property a prisoner is permitted to possess. The complaint, however, suggests that Sergeant Cisrow, as mailroom supervisor, created a mailroom policy that formed the basis for her confiscation of the book. It is not clear, however. In the prison context, a regulation that burdens an inmate's right to freedom of speech is valid "if it is reasonably related to legitimate penological interests." Therefore, Plaintiff must allege

12

more, i.e. the nature of the policy Sergeant Cisrow allegedly created that formed the basis for her confiscation of Plaintiff's legal reference book. The nature of the claim is not clear. This claim will, therefore, be dismissed without prejudice.

As with Plaintiff's First Amendment Retaliation claim, Plaintiff has not alleged sufficient facts to state a plausible claim that Commissioner Kuhn or Administrator Fisher had advance knowledge of and acquiesced in Sergeant Cisrow's confiscation or destruction of his legal reference book or how Kuhn and Fisher became aware that there was a custom of mailroom supervisors arbitrarily confiscating and destroying inmates' books, such that their failure to take any action would suggest their deliberate indifference to the recurrence of constitutional violations. *See Phillips v. Northhampton Co., PA*, 687 F. App'x 129, 132 (3d Cir. 2017) (per curiam) (holding that wholly conclusory and generalized assertions about patters of misconduct are insufficient allege municipal liability for federal constitutional violations). Therefore, the supervisory liability claims against Commissioner Kuhn and Administrator Fisher for violating Plaintiff's First Amendment right to freedom of speech will be dismissed without prejudice.

## IV.   MOTION FOR TRO

The claim remaining in this action is Plaintiff's First Amendment Retaliation claim. Relevant to this claim, Petitioner seeks a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65, prohibiting NJDOC from confiscating and destroying his personal legal reference books during the pending of this lawsuit. (Mot. for TRO, Dkt. No. 2.) "A party seeking a preliminary injunction

[under Federal Rule of Civil Procedure 65(b)] must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citing *Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist.*, 386 F.3d 514, 524 (3d Cir. 2004)). "[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Thus, a preliminary injunction should be entered when it is "the only way of protecting the plaintiff from harm." *Id.*

Prisons must provide legal reference materials through a prison law library or a legal assistance program.[3] Therefore, Plaintiff may continue to pursue legal claims without his personal copy of the New Jersey Lawyer's Diary and Manual or other legal books he might lawfully purchase. Plaintiff also has the availability of a damages suit under state tort law if his legal reference materials are destroyed.[4] Plaintiff has not shown that he will suffer irreparable harm if preliminary injunctive relief is not granted. Therefore, the Court will deny Plaintiff's motion for a preliminary injunction.

---

[3] Prisons are required to provide inmates with adequate tools "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 826-27 (1977)).

[4] The New Jersey Tort Claims Act, N.J. Stat. Ann. 59:1-1, *et seq.*, provides an adequate post-deprivation remedy for unauthorized acts of destruction of an inmate's property by a state employee. *Ragland v. Commissioner New Jersey Department of Corrections*, 717 F. App'x 175, 177-78 (3d Cir. 2017) (citations omitted).

## V. CONCLUSION

In summary, the Court will grant in part and deny in part Defendants' motion to dismiss the complaint. Plaintiff's First Amendment Retaliation claim against Sergeant Cisrow may proceed, and the remainder of the claims in the complaint will be dismissed. Plaintiff's motion for a temporary restraining order or preliminary injunction on his First Amendment Retaliation claim against Sergeant Cisrow will be denied, and the motion for TRO is otherwise moot.

An appropriate Order follows.

**Date: May 8, 2024**

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **Chief United States District Judge**